IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TRACIE HUNTER, | : |
| | : Case No. 1:10CV820 |
| Plaintiff, | : |
| | : Chief Judge Susan J. Dlott |
| v. | : |
| | : ORDER GRANTING IN PART |
| HAMILTON COUNTY BOARD OF | : PLAINTIFFS' MOTION FOR A |
| ELECTIONS, *et al.*, | : PRELIMINARY INJUNCTION |
| | : |
| Defendants. | : |
| | : |
| | : |

This matter comes before the Court on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 2.)  Plaintiffs filed a verified complaint (doc. 1) and the motion for a temporary restraining order on Sunday, November 21, 2010.  The Court held a hearing on the motion the following day.  For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion for a temporary restraining order.  The Court denies Plaintiff's motion insofar as it seeks an order from this Court prohibiting Defendants from certifying the election results for Hamilton County Juvenile Court Judge on Tuesday, November 23, 2010.  The Court grants Plaintiff's motion insofar as it seeks an order commanding Defendants to investigate whether provisional ballots cast in the correct polling location but wrong precinct were improperly cast because of poll worker error.

**I.      BACKGROUND**

Plaintiff Tracie Hunter is only twenty-three votes behind her opponent in the race for Hamilton County Juvenile Court Judge.  This narrow gap makes Plaintiff eligible for an

1

automatic recount; however, the recount will not include hundreds of provisional ballots that were rejected, perhaps improperly, by the Hamilton County Board of Elections (the "Board"). Plaintiff asserts that the Board's failure to count the provisional votes of citizens who voted at the correct polling location but at the wrong precinct violates the Equal Protection and Due Process Clauses of the United States Constitution. This Court held a hearing on Plaintiff's motion for a temporary restraining order on November 22, 2010. Although the motion before the court is styled a motion for a temporary restraining order and preliminary injunction, the motion is not *ex parte*, as the Board and intervening Plaintiffs received notice of the motion and hearing. As such, this Court will treat the motion as one for a preliminary injunction.

Ohio Revised Code ("O.R.C.") § 3505.181(C) provides that a provisional ballot cast in the wrong precinct is not to be opened or counted. Even so, Ohio Secretary of State Directive 2010-74 ("Directive 2010-74") provides that boards of elections "may not reject a provisional ballot cast by a voter who uses only the last four digits of his or her Social Security number as identification" where the voter "cast his or her provisional ballot in the wrong precinct, but in the correct polling place, for reasons attributable to poll worker error." Directive 2010-74 then provides specific examples of poll worker error:

> Another example of poll worker error is where the provisional ballot affirmation envelope (SOS Form 12-B) contains notations indicating that a poll worker directed the voter to the wrong precinct at a polling location containing multiple precincts. Because it is a poll worker's duty to ensure that the voter is directed to the correct precinct, these notations provide objective evidence that the poll worker did not properly or to the fullest extent required carry out his or her Election Day duties. Similarly, if a board of elections finds multiple provisional ballots voted in the correct polling location but wrong precinct, it should, either in writing, with written responses from the poll workers, or at a public meeting of the board, question the poll workers in that

>polling location to determine whether they followed the board's instructions for ensuring that voters were directed to the correct precinct.

At meetings held on November 16, 2010 and November 19, 2010, the Board reviewed and processed approximately 11,000 provisional ballots that were cast in Hamilton County in the November 2, 2010 general election. The Board approved approximately 8260 provisional ballots without significant discussion. The remaining provisional ballots were discussed and voted on by the Board to determine if they should be counted. The Board found multiple instances of poll worker error in its review of the provisional ballots. For example, the Board discovered that approximately twenty-six provisional ballots had been cast in the wrong precinct, even though the ballots had been cast at the Board of Elections downtown. Because the only explanation for such a result was poll worker error, the Board voted that these twenty-six ballots be counted.

Ultimately, the Board rejected and refused to count 849 provisional ballots because the ballots were cast in the wrong precinct. Timothy Burke, a member of the Hamilton County Board of Elections, testified that of the 849 provisional ballots in which the voter voted in the wrong precinct, at least one of those ballots included a voter who used the last four digits of his or her Social Security number as identification. Further, Mr. Burke testified that the 849 rejected provisional ballots also include multiple instances where voters cast provisional ballots in the wrong precinct at a polling location containing multiple precincts. In fact, in at least three polling locations, multiple provisional ballots were cast in the correct polling location but the wrong precinct. Even so, the Board did not contact the poll workers as directed by Directive 2010-74. Plaintiff argues that the Board did not conduct any meaningful investigation into

3

whether poll worker error attributed to situations where voters cast provisional ballots in the correct polling location but at the wrong precinct, and that this failure violates the Equal Protection and Due Process Clauses of the United States Constitution.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes the Court to grant preliminary injunctive relief. A district court is to consider the following four factors when deciding to issue a preliminary injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of preliminary injunctive relief would cause substantial harm to others; and (4) whether the public interest would be served by issuance of preliminary injunctive relief. *See Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *see also Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). "[T]he four considerations applicable to preliminary injunctions are factors to be balanced and not prerequisites that must be satisfied. . . . These factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Pitcher Industries, Inc.*, 963 F.2d 855, 859 (6th Cir. 1992) (citations omitted).

## III. ANALYSIS

As a preliminary matter, the Court will resolve Defendants' argument that this federal Court lacks jurisdiction over the controversy. Defendants cite to *Sandusky County Democratic Party v. Blackwell*, 387 F.3d 565 (6th Cir. 2004) for the proposition that the state, and only the state, has the right to determine whether provisional ballots cast in the wrong precinct are to be counted as valid ballots.

The Sixth Circuit in *Sandusky* addressed the issue of whether the federal Help America

Vote Act ("HAVA") required states to count votes cast by provisional ballot even if cast in a precinct in which the voter did not reside.  That court held that HAVA should not be interpreted as "imposing upon the States a federal requirement that out-of-precinct ballots be counted, thereby overturning the longstanding precinct-counting system in place in more than half the States."  Plaintiff here is not seeking an order from this Court that all of the out-of precinct ballots be counted.  Rather, she is asking that the Hamilton County Board of Elections treat provisional voters on an equal basis.  Thus, while the *Sandusky* Court noted that the "ultimate legality of the vote cast provisionally is a matter of state law," *id*. at 576, the holding is inapposite to the issues presented herein.  This Court has jurisdiction over the claims presented in this case.  The Court will now address whether a preliminary injunction is proper.

### A.  Likelihood of Success on the Merits

The right to vote includes the right to have one's vote counted on equal terms with others.  *Bush v. Gore*, 531 U.S. 98, 104 (2000) (*per curiam*).  Plaintiff here has demonstrated that the Hamilton County Board of Elections does not treat all provisional ballots cast in the wrong precinct equally.  For example, Board Operations Administrator Ms. Poland testified that 849 provisional ballots were cast at polling places but voted in the wrong precinct.  Board staff observed the envelopes of all these ballots to see if there were any markings made by poll workers indicating poll worker error.  Thereafter, the staff applied differing levels of scrutiny to provisional ballots.  For provisional ballots in which the voters had used the last four numbers of their Social Security number as their form of identification, the staff looked to see if the voter was in the right polling location but ended up casting the ballot in the wrong precinct because he or she was at the "wrong table."  If so, then the staff took the additional step of reviewing the

poll books in an attempt to discern whether there was any poll worker error. Ms. Poland testified that this inquiry revealed no poll worker error.[1] As for the provisional ballots cast in the wrong precinct by voters who did *not* use a Social Security number as their form of identification, the staff undertook no additional inquiry into whether there might be poll worker error. At the November 16, 2010 hearing, the Board Members unanimously voted to reject all 849 provisional ballots cast at correct polling locations but in the wrong precinct.

Not all provisional ballots were cast at poll locations. Some provisional ballots were cast at the Board of Elections site in Downtown Cincinnati. When a voter casts a provisional ballot at the Board, a poll worker hands the voter the ballot that is supposed to correspond to that voter's precinct. Upon their review of the provisional ballots so cast for the November 2, 2010 general election, Board staff discovered that twenty six provisional ballots cast at the Board were cast in the wrong precinct. As discussed in the Board meeting of November 16, 2010, this was "clear poll worker error." Specifically, "[s]omebody came here to vote. They were given the wrong ballot." The Board unanimously voted to "remake the ballot to the proper precinct" and then count the vote. Tr. Bd. Mtg. 11/16/2010 p. 41 ll 3-5.

While Ms. Poland discussed at the hearing other scenarios of differing scrutiny and treatment of provisional ballots, the differing treatment of the various provisional ballots cast in the wrong precinct raises equal protection concerns. The Court agrees with Defendants that Directive 2010-74 forbids them to reject a provisional ballot cast by a voter who uses only the last four digits of his Social Security number as identification if the voter cast his or her provisional ballot in the wrong precinct but in the correct polling place for reasons attributable to

---

[1] Board of Elections staff treated provisional ballots cast using Social Security numbers as identification in this way based on their interpretation of Directive 2010-74.

poll worker error. However, the logic of Defendant's justification for *not* investigating potential poll worker error as a cause for the other provisional ballots cast in the wrong precinct but correct polling place breaks down in light of the fact that Directive 2010-74 — nor any other Directive — forbids the Board to reject provisional ballots cast in the wrong precinct when the ballot was obtained at the Board of Elections on voting day. In other words, the Hamilton County Board of Elections has — without any specific statutory mandate — carved out situations in which it *will* count provisional ballots cast in the wrong precinct.

While the Court is not certain that Plaintiff will succeed on the merits of her equal protection claim, her chance of success is likely enough that this factor weighs in favor of granting the preliminary injunction. Plaintiff raises a due process claim in addition to her equal protection claim. Because she has demonstrated a likelihood of success on the equal protection claim, the Court need not additionally consider whether she is also likely to prevail on her due process claim.

### B. Irreparable Injury

When the Board of Elections has completed the canvass of the election returns from the precincts in Hamilton County, it shall determine and declare the results of the election. O.R.C. § 3505.33. Thereafter, the Board shall certify the abstracts of the results and transmit them to the Secretary of State. *Id*. Plaintiff here asks this Court to prevent the Board of Elections from sending the abstracts of the results of the November 2010 general election on Tuesday, November 23, 2010 as the Board intends.

The Court finds that it need not stop the Board from sending the abstract of the election results in order to permit Plaintiff the opportunity to have the rejected 849 provisional ballots

examined for potential poll worker error.  The specific race challenged here involving Plaintiff Hunter and John Williams is subject to a mandatory recount because the number of votes cast for John Williams does not exceed the number of votes cast for Plaintiff Hunter by a margin of one-half of one percent or more of the total vote.  O.R.C. § 3515.011.  Pursuant to Ohio Revised Code § 3505.32(A), the canvass of election returns can be amended up to eighty-one days after the day of the election.  Because a mandatory recount will already delay a final determination of the winner of the race for Hamilton County Juvenile Court Judge, there is already a cushion of time in which the Board can re-examine the denied provisional ballots.

Defendant is counting some but not all provisional ballots cast in the wrong precinct.  Their justification for so doing is that some were cast in the wrong precinct due to "clear poll worker error."  Tr. Bd. Mtg. 11/16/2010 p. 40 ll 19-20.  Plaintiff will suffer irreparable harm if the provisional ballots that were *not* counted also were the result of "clear poll worker error" that was undiscovered because Defendants declined to investigate the issue, and if those uncounted ballots tip the scale in Plaintiff's favor making her the winner of the race.  That said, Plaintiff may address this issue without this Court stopping the certification of the election results on November 23.  To prevent irreparable harm to Plaintiff, Defendant is hereby ordered to examine all 849 faulty provisional ballots for poll worker error and, if such error is found, count the ballots as part of the mandatory recount.

    **C.**    **Substantial Harm to Others and Public Interest**

No significant harm will come to Defendants or others by an order from this Court compelling Defendants to examine all 849 rejected provisional ballots to determine which ones were cast in the wrong precinct but in the correct polling place, and to then examine whether

such vote was improperly cast for reasons attributable to poll worker error.  The Board already did so with respect to the provisional ballots cast at the Board of Elections and in so doing demonstrated its authority to count such ballots.  Evidence presented at the hearing demonstrates that such a review can likely be accomplished in two weeks' time.  Ensuring that voters casting provisional ballots have their votes counted when the error was not their own serves the important interests of the public in a fair election.

### IV. CONCLUSION

The factors to consider in granting a preliminary injunction weigh in Plaintiff's favor.  Accordingly, this Court **GRANTS IN PART** Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction.  (Doc. 2.)  Defendant may proceed with certifying abstracts of the results of the November 2 election.  However, Defendant must also immediately begin an investigation into whether poll worker error contributed to the rejection of the 849 provisional ballots now in issue and include in the recount of the race for Hamilton County Juvenile Court Judge any provisional ballots improperly cast for reasons attributable to poll worker error.

IT IS SO ORDERED.

     s/Susan J. Dlott
Chief Judge Susan J. Dlott
United States District Court