# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| TRACIE HUNTER | : | Case No. 1:10-cv-820 |
| | : | |
| Plaintiff | : | |
| | : | Judge Dlott |
| vs. | : | |
| | : | |
| HAMILTON COUNTY BOARD OF ELECTIONS, ET AL. | : | |
| | : | |
| Defendants | : | |
| | : | |

## MOTION OF PROPOSED INTERVENOR
## OHIO REPUBLICAN PARTY

The Ohio Republican Party, by and through counsel, respectfully moves to intervene in this case pursuant to Federal Rules of Civil Procedure 24(a) and 24(b). The grounds for this Motion are set forth in the attached Memorandum in Support.

Respectfully submitted,

/S/ Anne Marie Sferra
Anne Marie Sferra (0030855)
James P. Schuck (0072356)
Christopher N. Slagle (0077641)
BRICKER & ECKLER LLP
100 South Third Street
Columbus, Ohio 43215-4291
Telephone: (614) 227-2300
Facsimile: (614) 227-2390
asferra@bricker.com
jschuck@bricker.com
cslagle@bricker.com

*Attorneys for Proposed Intervenor,
Ohio Republican Party*

4139709v1

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION

Plaintiff Tracie Hunter commenced this action on November 21, 2010 against the Hamilton County Board of Elections ("Board") and its individual members of the Board seeking a temporary restraining order and a preliminary injunction. Late in the evening on November 22, 2010, the Court granted Plaintiff's motion for a preliminary injunction in part and denied it in part. The Court also granted motions to intervene filed on behalf of the Northeast Ohio Coalition for the Homeless and the Ohio Democratic Party (jointly) and John Williams – Hunter's opponent in the race for Hamilton County Juvenile Court Judge.

The Ohio Republican Party ("ORP") moves to intervene as a defendant in order to ensure that all legal and valid votes of Ohioans be counted in a uniform and timely manner, consistent with Ohio law.

### II. LAW AND ARGUMENT

Under the Federal Rules of Civil Procedure, upon timely motion, an interested party may intervene as a matter of right when the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent their interest." Fed. R. Civ. P. 24(a)(2). Alternatively, on timely motion, a court may permit a movant to intervene when they have a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B).

The ORP moves to intervene as a matter of right, or in the alternative, permissively.

4139709v1

### A. **Intervention as a Matter of Right**.

The Sixth Circuit interprets Fed. Civ. R. 24(a) as requiring four elements: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (citing *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir. 1993)).  As set forth below, the ORP meets each of these requirements and, thus, has a right to intervene.

#### 1. Timeliness

Plaintiff commenced this action on November 21, 2010.  In determining whether a motion to intervene is timely, courts often look at whether intervention will unduly delay or prejudice the rights of the parties to the action.  *See Miller*, 103 F.3d at 1245.  Here, the ORP's participation as an intervenor will not delay the proceedings in this matter or prejudice the adjudication of the original parties' rights.

#### 2. Substantial legal interest:  the ORP has a substantial legal interest in upholding Ohio's election laws.

The purpose of Rule 24 is to involve "as many apparently concerned persons as is compatible with efficiency and due process." *Coalition of Arizona/New Mexico Counties v. Dept. of Interior*, 100 F.3d 837, 841 (10th Cir. 1996).  The Sixth Circuit has "opted for a rather expansive notion of the interest sufficient to invoke intervention of right." *Purnell v. Akron*, 925 F.2d 941, 948 (6th Cir. 1991); see also *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) ("This court has acknowledged that 'interest' [for Fed. R. Civ. P. 24(a)(2)] is to be construed liberally.")  For instance, an intervenor need not have the same standing as necessary to initiate a

4139709v1

lawsuit in order to intervene. *Purnell*, 925 F.2d at 948. And, the Sixth Circuit has cited with approval cases from other jurisdictions holding that neither a specific legal or equitable interest is necessary to intervene. *Associated Builders & Contractors v. Perry*, 16 F.3d 688 (6th Cir. 1994).

Here, the ORP has no less a legal interest in the subject matter of this action as does the ODP, which has been permitted to intervene in this action as a Plaintiff. The statutes and rules (as set forth in the Secretary of State's directive) at issue apply to all provisional ballots at issue, regardless of whether cast by a registered Democrat, Republican, or an independent elector. While Plaintiff, the ODP, and the NEOCH seek to change and expand Ohio state law regarding the counting of provisional ballots, the ORP seeks to uphold the current law.

The ORP has a substantial interest in ensuring that the boards of elections strictly comply with Ohio election laws. Changing the laws after the election creates suspicion, discredits the election process, and undoubtedly will cause disruption and confusion in counting votes. *See Purcell v. Gonzalez*, 549 U.S. 1, 6 (2006) (per curiam) (vacating an injunction entered weeks before an election in light of the imminence of the election and the inadequate time to resolve the disputes).

       3.    <u>Impairment</u>

To satisfy this element, a proposed intervenor need only show that impairment of its substantial legal interest *is possible* if intervention is denied. *Purnell*, 925 F.2d at 948 (emphasis added). According to the Sixth Circuit, the burden to satisfy this element is minimal. *Miller*, 103 F.3d at 1247. As a practical matter, the ORP and its members' (and potentially its candidates') interests may be impaired or impeded if they are denied participation in this action. as they will not be able It is critical that the rules for counting ballots, which is a matter of state

law, be strictly adhered to. Changing the rules after the election undermines the integrity of the election process.

### 4. Inadequate representation

An intervenor's burden for demonstrating the inadequacy of representation is minimal. As the United States Supreme Court has stated, "Rule [24] is satisfied if the applicant shows that the representation 'may be' inadequate," so that the applicant's burden on this matter should be "minimal." *Trbovich v. United Mine Workers of American*, 404 U.S. 528, 538, n. 10 (1982). The Southern District of Ohio and the Sixth Circuit have both held the same. *See U.S. v. Schreiber*, 150 F.R.D. 106, 109 (S.D. Ohio 1993) ("the . . . burden of demonstrating inadequacy [of representation] should be treated as minimal."); *Stupak-Thrall v. Glickman*, 226 F.3d 467, 482 (6th Cir. 2000) (same); *Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir. 1999) (same). Nor is a putative intervenor required to show that the representation will in fact be inadequate. For example, it may be enough to show that the existing party who purports to seek the same outcome will not make all of the putative intervenor's arguments. *Miller*, 103 F.3d at 1247 (citing *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1498-99 (9th Cir. 1995)).

Significantly, "'a decision not to appeal by an original party to the action can constitute inadequate representation of another party's interest.'" *Id.* (quoting *Americans United for Separation of Church and State v. City of Grand Rapids*, 922 F.2d 303, 306 (6th Cir. 1990)). Likewise, this Court has held that government agencies cannot adequately represent private interests in litigation. *Blankenship v. Blackwell*, 341 F. Supp. 2d 911, 918 (S.D. Ohio 2004) (finding that the intervenors' rights were not necessarily adequately represented by the Ohio Secretary of State since the Secretary "acts in the capacity of a governmental agency."); *see also*

*Mountain Solutions v. State Corp. Com'n*, 173 F.R.D. 300, 304 (D. Kan. 1997) ("As a general rule, governmental agencies seeking to protect the interests of the public in a lawsuit are not able to represent effectively the interests of intervenor applicants in the same action" (citations omitted)); *National Farm Lines v. I.C.C.*, 564 F.2d 776l (10th Cir. 1977); *Cabot LNG Corp. v. Puerto Rico Elec. Power*, 162 F.R.D. 427 (D.P.R. 1995).

Here, neither the Plaintiff nor any of the Intervenors represent the interests of the ORP. While the BOE's arguments asserted herein appear to be aligned with those of the ORP, there is a distinct possibility that the Board may choose not to appeal the ruling from this Court.

Accordingly, because the four factors required for intervention as of right under Federal Rule of Civil Procedure 24(a)(2) are present, the ORP respectfully requests this Court to intervene as a defendant.

### B. Alternatively, The ORP Should be Granted Permissive Intervention.

Permissive intervention, as amended, states, in relevant part: "On timely motion the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

Simply put, timeliness and a common question of law or fact are the two requirements for permissive intervention. *Purnell*, 925 F.2d at 950. The rule is to be construed liberally, and excludes many of the requirements of intervention as of right. *Meyer Goldberg, Inc. v. Goldberg*, 717 F.2d 290, 294 (6th Cir. 1983). For example, the requirement that a putative intervenor establish inadequate representation by existing parties found in Rule 24(a)(2) is not a consideration for purposes of Rule 24(b).

As demonstrated above, this motion is timely. It is being filed one day after the ORP learned of this action and two days after the action was commenced. Similarly, common

4139709v1

questions of law and fact exist as to how provisional ballots cast in the wrong precinct should be counted. The ORP has an interest in the outcome as the decision here may impact how provisional ballots are counted in not only this race, but in future elections. And, as previously stated, the proposed intervention will not prejudice or delay the rights of any of the existing parties. The ORP therefore requests that the Court grant permissive intervention under Civil Rule 24(b).

### III. CONCLUSION

For the foregoing reasons, the ORP respectfully requests that this Court grant this Motion to Intervene and allow them to participate as a defendant in this action.

Respectfully submitted,

　/S/　Anne Marie Sferra　
Anne Marie Sferra (0030855)
James P. Schuck (0072356)
Christopher N. Slagle (0077641)
BRICKER & ECKLER LLP
100 South Third Street
Columbus, Ohio 43215-4291
Telephone: (614) 227-2300
Facsimile: (614) 227-2390
asferra@bricker.com
jschuck@bricker.com

*Attorneys for Proposed Intervenor,*
*Ohio Republican Party*

<u>CERTIFICATE OF SERVICE</u>

This will certify that the foregoing *Motion of Proposed Intervenor Ohio Republican Party* was filed electronically on November 23, 2010.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

    /S/ Anne Marie Sferra
Anne Marie Sferra

4139709v1